IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

THOMAS MONTGOMERY, III,

    Plaintiff,

v.

DR. MARK T. ESPER,

    Defendant.

Civil Action No. 1:18-cv-01317

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

Plaintiff is a forty-nine-year-old African-American man with a doctorate in educational leadership and an extensive record of military and civilian government service. In 2009, Plaintiff was arrested in Fairfax County, charged with felony kidnapping, and ultimately entered an *Alford* plea to (and thus was convicted of) the lesser charge of misdemeanor disorderly conduct. In 2010, Plaintiff was again arrested in Fairfax County, charged with solicitation of prostitution, and ultimately entered an *Alford* plea to (and thus was convicted of) the lesser charge of misdemeanor disorderly conduct.

Prior to applying for two different positions with Defendant, Plaintiff held several other jobs elsewhere, including at the Department of Defense, Office of the Joint Chiefs of Staff. That employment ended after the DoD suspended Plaintiff's security clearance in the wake of his aforementioned criminal convictions. Plaintiff then obtained a permanent employment position with the United States Postal Service, Office of the Inspector General ("USPS OIG"). When the agency could not positively adjudicate his application for the necessary security clearance, the USPS OIG changed Plaintiff's position from permanent to "term," meaning that Plaintiff's employment would terminate at the end of a fixed period. Plaintiff transitioned from this term position to a job with the National Park Service at the beginning of 2013.

In early 2015, Plaintiff applied for two positions with Defendant. First, Plaintiff applied to the Department of Defense Educational Activity ("DoDEA"), an agency responsible for managing schools of military-connected children at home and abroad. Plaintiff was interviewed on April 29 and May 26, 2015, and when asked why his permanent USPS OIG position had been converted into a term position and why he had accepted a position with the Park Service, Plaintiff responded that he was not given a reason for the change, but stated that he wanted to switch career fields for a different experience. Plaintiff was

2

one of two top candidates for the position, both evaluated as "equally qualified." Upon request, Plaintiff filled out and submitted an OF-306, commonly known as a "Declaration for Federal Employment," containing information about his previous employment. Plaintiff's OF-306 indicated that his previous job ended because he was either fired, quit after being told he would be fired, left a job by mutual agreement because of a specific problem, or was debarred from Federal employment. After the two interviews, reviewing the OF-306, and considering Plaintiff's statements during both interviews, the selecting official determined that Plaintiff was not being forthcoming and had deliberately mislead the interview panel regarding his prior employment situation. Due to these inconsistencies, Plaintiff was denied the position. Consequently, Plaintiff never received an offer for the position.

The second DoDEA position to which Plaintiff applied was filled by a separate interview process with a different selecting official than the first. While Plaintiff was in a pool of nine applicants that met the qualifications for the position, he was not among the top five selected for an interview. An African-American male was selected for this position on July 10, 2015. Plaintiff received notification he was not selected for the position on or around July 15, 2015.

3

Plaintiff pursued discrimination and retaliation claims before the Equal Employment Opportunity Commission ("EEOC"), contacting the EEOC Office on July 14, 2015. Plaintiff filed an EEO complaint on August 17, 2015. Thereafter, the EEOC granted summary judgment to Defendant on January 17, 2018, which DoDEA adopted as its Final Agency Decision ("FAD") on February 21, 2018. On March 4, 2018, Plaintiff filed an appeal with the EEOC's Office of Federal Operations, which affirmed DoDEA's FAD on July 26, 2018.

Thereafter, Plaintiff filed this action, alleging race and sex discrimination under Title VII (Count I), retaliation (Count II), and failure to maintain adequate records in violation of 29 C.F.R. §§ 1602.14, 1607.15 (Count III). On January 29, 2019, the Court granted in part Defendant's Motion to Dismiss, dismissing Count III. Discovery is complete and Defendant's case is ripe for summary judgment.

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. See Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). Summary judgment may

4

be entered when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient" to find an issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

A plaintiff alleging discrimination may prove his case by using either (1) direct or circumstantial evidence of discrimination, or (2) the burden-shifting approach under the *McDonnell Douglas* "pretext" framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); see also Holland v. Wash. Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007). There is no direct evidence of discrimination presented, and so the parties proceed under the *McDonnell Douglas* approach.

Under the *McDonnell Douglas* "pretext" framework, a plaintiff must first establish a prima facie case of unlawful retaliation or set forth facts which would allow a fact-finder to conclude that, more likely than not, the adverse employment action was the product of discrimination. See McDonnell Douglas, 411 U.S. at 802; see also Wooten v. Gruenberg, No. 15-724, 2016 WL 1364043, at *7 (E.D. Va. Apr. 4, 2016)(citing Foster v. Univ. of Md-E. Shore, 787 F.3d 243, 249 (4th Cir. 2015)). If he

5

succeeds, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its adverse employment decision. Mereish v. Walker, 359 F.3d 330, 334 (4th Cir. 2004). If the defendant is successful, the plaintiff must show that the articulated reason is a pretext for discrimination. Id. at 430-31.

A prima facie case of discrimination under Title VII requires a plaintiff to prove that (1) plaintiff was a member in a protected class; (2) he applied for the position in question; (3) he was qualified for the position; and (4) the defendants rejected her application under circumstances that give rise to an inference of unlawful discrimination. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005).

Plaintiff alleges Defendant discriminated against him on the basis of race when Defendant declined to hire him for the first position. Plaintiff claims the white interviewer treated him differently from other non-African American candidates by improperly considering Plaintiff's OF-306. Plaintiff, however, fails to present evidence surrounding his non-selection for the first position that "gives rise to an inference of discrimination." Id.

Allegations of racial bias must be supported with more facts than the simple conclusion that a candidate of a different

6

race was hired for the position. <u>McCleary-Evans v. Md. Dep't of Transp.</u>, 780 F.3d 582 (4th Cir. 2015). In other words, a discrimination claim cannot simply rely on the fact that the candidate hired did not share the same race as the plaintiff. <u>Id.</u> at 585-86. This assertion must be supported with other facts, such as evidence that applicants of a different protected class were rejected under similar circumstance, in order "to support a reasonable inference that the decisionmakers were motivated by bias." <u>Id.</u>; see <u>Spencer v. Virginia State Univ.</u>, 919 F.3d 199, 207-08 (4th Cir. 2019)(quoting <u>Mitchell v. Toledo Hosp.</u>, 964 F.2d 577, 583 (6th Cir. 1992)). Plaintiff argues the facts raise an inference of discrimination because he is African-American and that the non-Black decisionmakers hired a non-Black applicant. This fact, alone, cannot raise an inference of discrimination. And Plaintiff admits he has no evidence of disparate treatment of another applicant. Ultimately, Plaintiff claims to have evidence of discrimination but presents none. Broad generalizations do not meet Plaintiff's Title VII burden. See <u>Spencer</u>, 919 F.3d 199 at 207-08 (quoting <u>Mitchell v. Toledo Hosp.</u>, 964 F.2d 577, 583 (6th Cir. 1992)). Therefore, Plaintiff fails to meet his burden in establishing a prima facie case of race discrimination.

Plaintiff also fails to present a prima facie case for Count II. To establish a prima facie case of retaliation,

7

Plaintiff must establish the following: (1) he engaged in a protected activity; (2) the employer acted adversely against him; and (3) there was a causal connection between the protected activity and the asserted adverse action. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) aff'd on other grounds, 132 S. Ct. 1327 (2012). In retaliation claims, the burden for Plaintiff is higher than in the discrimination context; he must prove that his protected activity was the "but for" cause of the retaliation. See Univ. of Texas S.W. Ned. Str. v. Nassar, 570 U.S. 338, 360 (2013).

Plaintiff cannot prove the final element of his prima facie case for retaliation. In support of Count II, Plaintiff argues that DoDEA officials did not select him for the second position out of retaliation to his August 17, 2015 filing of the EEOC complaint regarding his non-selection for the first position. The parties agree that Plaintiff engaged in protected activity by contacting the DoDEA's EEO office to file a complaint. However, Plaintiff has not established that his participation in this protected activity was the reason his employer took adverse action against him. Because the employer's action must be in response to the plaintiff's engagement in a protected activity, the employer must have knowledge that the plaintiff engaged in the protected activity. Dowe v. Total Action Against Poverty, 145 F.3d 653, 657 (4th Cir. 1998). Here, Plaintiff contacted the EEO office on July

8

14, 2015. While Plaintiff may have received notice on July 15, 2015 that he was not selected for the second employment position, the DoDEA made that decision prior to Plaintiff's engagement in the protected activity. The selection committee's decision not to hire were received by Defendant's Human Resource Department on July 10, 2015. Accordingly, the selection decision was made at least four days prior to Plaintiff engaging in his protected activity. Further, the selection officials for the second position had no knowledge of Plaintiff's protected activity until December, 2015. This was months after the selection of an African-American male was made. There can be no causal link between the protected activity and the employment action. And Plaintiff's conclusory statements to the contrary are not sufficient to overcome Defendant's proof. See Kennebeck v. Johnson, No. 13-99, 2014 WL 12521412, at *3 (E.D. Va. Jan. 7, 2014). Consequently, Plaintiff is unable to prove a necessary element for his retaliation prima facie case.

Finally, because Plaintiff has failed establish a prima facie case of discrimination or retaliation, it is unnecessary to evaluate the pretextual arguments put forth by either party. For the forgoing reasons, this Court finds that Defendant is entitled to summary judgment.

An appropriate order shall issue.

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 31, 2019